JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HELEN SWARTZ, Individually

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David S. Dessen, Dessen, Moses & Rossito, 600 Easton Rd, Willow Grove, PA 19090, 215.496.2902 & Fuller, Fuller & Assoc., 12000 Biscayne Blvd, N. Miami, FL 33181, 305.891.5199 [PHV pending]

## DEFENDANTS
CP PHILLY WEST, LLC,
a Delaware Limited Liability Company

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title III of the Americans with Disabilities Act, 42 USC Sec. 12181, et seq.
Brief description of cause:
Equal access to places of public accommodation for persons with disabilities

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 6/28/2022
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

HELEN SWARTZ, Individually,

        Plaintiff,

v.

        Case No.

CP PHILLY WEST, LLC,
a Delaware Limited Liability Company,

        Defendant.

## COMPLAINT

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, CP PHILLY WEST, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant") for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181 et seq. ("ADA").

1.    Plaintiff, HELEN SWARTZ, resides in Miami Beach, Florida, in the County of Miami-Dade.

2.    Defendant's property, The Marriott Philadelphia West Hotel, is located at 111 Crawford Avenue, West Conshohocken, PA, in the County of Montgomery.

3.    Venue is properly located in the Eastern District of Pennsylvania because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.  Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.  *See, also,* 28 USC § 2201 and § 2202.

5.  Plaintiff, HELEN SWARTZ is a Florida resident, is sui juris, has multiple sclerosis and relies on the use of an electric scooter to ambulate, as she is mobility impaired. She qualifies as a person with disabilities, as defined by the Americans with Disabilities Act.

6.  Helen Swartz was born and raised in New York City and moved to the Philadelphia area in 1978 to attend graduate school.  After completion of her studies, she founded a business and resided in the area until 2011.  She was active in the business community and has many long-standing relationships that she has maintained throughout the years.  She also had two children during those years, through which she knew many people.

7.  Her elder daughter and granddaughter live in the Lancaster area and she often meets them, so that they may enjoy cultural activities, dining and shopping.  Ms. Swartz lived in the Lancaster area for many years and has many friends there

8.  Helen Swartz visited the property which forms the basis of this lawsuit from March 12 through March 13, 2022, and has reservations to return to the property on December 6 through December 7, 2022.  She will be joined by her daughter and granddaughter to begin holiday shopping and for an early celebratory dinner for her granddaughter's December birthday. Ms. Swartz also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.  The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities the property has to offer and use the restrooms.

2

9. The Plaintiff has encountered numerous architectural barriers at the subject property. The barriers to access at the property have endangered her safety, and adversely affected her ability to use the facilities.

10. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Marriott Philadelphia West Hotel, and is located at 111 Crawford Avenue, West Conshohocken, PA, in the County of Montgomery.

11. HELEN SWARTZ has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations as set forth in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. HELEN SWARTZ desires to visit not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the hotel, as prohibited by 42 USC § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

3

$500,000 or less). A preliminary inspection of the subject property has shown that violations exist. The following paragraphs set forth the violations which HELEN SWARTZ personally observed or encountered, and which were verified by an ADA expert.

14. The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations.

15. This is in violation of section 224 of the 2010 Standards for Accessible Design. 28 CFR §36.304.

16. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel. 28 CFR §36.302(e)(1).

17. The remediation of the foregoing violation is readily achievable.

18. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

19. The area carpet in the lobby is not securely attached.

20. This is in violation of section 302.2 of the 2010 Standards for Accessible Design.

21. The hotel did not make reasonable accommodations for access for these facilities.

22. This condition denied the plaintiff the use of the facility.; 28 CFR §36.201, §36.202, §36.203, §36.304.

23. The remediation of the foregoing violation is readily achievable.

24. Accessible seating at the dining tables and bars around the hotel building are not provided to a person using a wheelchair.

25. This is in violation of sections 226 & 902 of the 2010 Standards for Accessible Design.

26. The hotel did not make reasonable accommodations for access for these facilities.

27. This condition denied the plaintiff the use of the facility.; 28 CFR §36.201, §36.202, §36.203, §36.304.

28. The remediation of the foregoing violation is readily achievable.

29. In the accessible guestroom #410 which hotel deemed an accessible guestroom, a forward reach is not provided to access the outlets that are above the nightstand.

30. The hotel did not make reasonable accommodations to access this facility.

31. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.201, §36.203, §36.302 & §36.304.

32. This condition denied the plaintiff the ability to independently access the facility.

33. The remediation of the foregoing violation is readily achievable.

34. In the accessible guestroom #410 which hotel deemed an accessible guestroom, the closet rod is out of reach to a person in a wheelchair.

35. The hotel did not make reasonable accommodations to design access for this facility.

36. This is in violation of sections 308 & 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

37. This condition denied the plaintiff the ability to independently access the facility.

38. The remediation of the foregoing violation is readily achievable.

39. In the accessible guestroom #410 which hotel deemed an accessible guestroom, the window control is out of reach to a person in a wheelchair.

40. The hotel did not make reasonable accommodations to design access for this facility.

41. This is in violation of sections 308, 309 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

42. This condition denied the plaintiff the ability to independently access the facility.

43. The remediation of the foregoing violation is readily achievable.

44. In the accessible guestroom #410 which hotel deemed an accessible guestroom, the operable part of the window control requires tight grasping, pinching, or twisting of the wrist.

45. The hotel did not make reasonable accommodations to design access for this facility.

46. This is in violation of sections 309.4 & 806 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

47. This condition denied the plaintiff the ability to independently access the facility.

48. The remediation of the foregoing violation is readily achievable.

49. In the accessible guestroom #410 which hotel deemed an accessible guestroom, a turning space is not provided to access the standing lamp that is behind the chair.

50. The hotel did not make reasonable accommodations to design access for this facility.

51. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

52. This condition denied the plaintiff the ability to independently access the facility.

53. The remediation of the foregoing violation is readily achievable.

54. In guestroom #410 which hotel deemed an accessible guestroom, an accessible roll-in shower is not provided.

55. The hotel did not make reasonable accommodations to design access for this facility.

56. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

57. This condition denied the plaintiff the ability to independently access the facility.

58. The remediation of the foregoing violation is readily achievable.

59. In guestroom #410 which hotel deemed an accessible guestroom, the shower seat is too far from the compartment entry.

60. The hotel did not make reasonable accommodations to design access for this facility.

61. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

62. This condition denied the plaintiff ability to independently access the facility.

63. The remediation of the foregoing violation is readily achievable.

64. In guestroom #410 which hotel deemed an accessible guestroom, the shower spray unit is behind the seat in the roll-in shower.

7

65. The hotel did not make reasonable accommodations to design access for this facility.

66. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

67. This condition made it difficult for the plaintiff to independently access the facility.

68. The remediation of the foregoing violation is readily achievable.

69. In guestroom #410 which hotel deemed an accessible guestroom, the grab bar is behind the seat in the roll-in shower.

70. The hotel did not make reasonable accommodations to design access for this facility.

71. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

72. This condition made it difficult for the plaintiff to independently access the facility.

73. The remediation of the foregoing violation is readily achievable.

74. In guestroom #410 which hotel deemed an accessible guestroom, the shower spray unit in the bathtub does not have an on/off control with a non-positive shut-off.

75. The hotel did not make reasonable accommodations to design access for this facility.

76. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

77. This condition denied the plaintiff the ability to independently access the facility.

78. The remediation of the foregoing violation is readily achievable.

79. In the accessible guestroom #410 which hotel deemed an accessible guestroom, the shower unit is behind the seat making it out of reach to a person in a wheelchair.

80. The hotel did not make reasonable accommodations to design access for this facility.

81. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304.

82. This condition denied the plaintiff the ability to independently access the facility.

83. The remediation of the foregoing violation is readily achievable.

84. In the accessible guestroom #410 which hotel deemed an accessible guestroom, all the towels are out of reach to a person in a wheelchair, especially the lower towel rack that is blocked by a chair.

85. The hotel did not make reasonable accommodations to design access for this facility.

86. This is in violation of sections 308 and 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.201 and §36.304.

87. This condition denied the plaintiff the ability to independently access the facility.

88. The remediation of the foregoing violation is readily achievable.

89. The hotel's public toilet room has 6 stalls but does not provide an accessible stall.

90. The hotel did not make reasonable accommodations to design access for this facility.

91. This is in violation of section 213.3.1 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

92. The remediation of the foregoing violation is readily achievable.

93. In the hotel's public toilet room, the toilet paper is too far from the accessible water closet.

94. This is in violation of section 604.7 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

95. This condition denied the plaintiff the ability to independently access the facility.

96. The remediation of the foregoing violation is readily achievable.

97. The two pool lifts are incapable of unassisted operation from both the deck and water levels.

98. The hotel did not make reasonable accommodations to design access for this facility.

99. This is in violation of section 1009.2.7 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

100. This condition denied the plaintiff the ability to independently access the facility.

101. The remediation of the foregoing violation is readily achievable.

102. The paper hand towel dispenser in the Health Club is out of reach to a person in a wheelchair.

103. The hotel did not make reasonable accommodations to design access for this facility.

104. This is in violation of sections 308 & 309 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

105. This condition denied the plaintiff the ability to independently access the facility.

106. The remediation of the foregoing violation is readily achievable.

107. In the Health Club an accessible transfer shower is not provided.

108. The hotel did not make reasonable accommodations to design access for this facility.

109. This is in violation of section 608 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

110. This condition denied the plaintiff the ability to independently access the facility.

111. The remediation of the foregoing violation is readily achievable.

112. In the Health Club, a shower spray unit is not provided in the accessible transfer shower.

113. The hotel did not make reasonable accommodations to design access for this facility.

114. This is in violation of section 608.6 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

115. This condition denied the plaintiff the ability to independently access the facility.

116. The remediation of the foregoing violation is readily achievable.

117. In the Health Club, a wheelchair accessible toilet compartment is not provided.

118. The hotel did not make reasonable accommodations to design access for this facility.

119. This is in violation of sections 213.3.1 and 604.8.1.1 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

120. This condition denied the plaintiff the ability to independently access the facility.

121. The remediation of the foregoing violation is readily achievable.

122. In the Health Club, a maneuvering clearance is not provided to exit the baby changer.

123. The hotel did not make reasonable accommodations to design access for this facility.

124. This is in violation of section 305.7 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

125. This condition denied the plaintiff the ability to independently access the facility.

126. The remediation of the foregoing violation is readily achievable.

127. In the guest laundry the washing machine is too tall to be able to access the wet clothes to put them in the dryer.

128. The hotel did not make reasonable accommodations to design access for this facility.

129. This is in violation of section 611.4 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

130. This condition denied the plaintiff the ability to independently access the facility.

131. The remediation of the foregoing violation is readily achievable.

132. Items on the kiosk walls and shelves are out of reach to a person in a wheelchair.

133. The hotel did not make reasonable accommodations to design access for this facility.

134. This is in violation of sections 308 & 309 of the 2010 Standards for Accessible Design: 28 CFR §36.203, §36.302 & §36.304.

135. This condition denied the plaintiff the ability to independently access the facility.

136. The remediation of the foregoing violation is readily achievable.

137. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

138. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the

discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

139. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181 *et seq.* and 28 CFR. 36.302 *et seq.* Furthermore, the Defendant continue to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

140. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

141. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use walkers and wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

142. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

143. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the ADA. The Order shall further require the Defendant to maintain the required assessible features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

    b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: June 28, 2022

Respectfully submitted,

_David S. Dessen_
David S. Dessen, Esq. (I.D. 17627)
Dessen, Moses & Rossitto
600 Easton Road
Willow Grove, PA   19090
Telephone:   215.496.2902
Facsimile:    215.658.0747
ddessen@dms-lawyer.com

and
Brandon A. Rotbart, Esq., Of Counsel,
*pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, Florida 33181
Telephone (305) 891-5199
Facsimile   (305) 893-9505
rotbart@rotbartlaw.com

*Attorneys for Plaintiff Helen Swartz*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

HELEN SWARTZ, Individually,
v.                                                          CIVIL ACTION NO.
CP PHILLY WEST, LLC,
a Delaware Limited Liability Company                                :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 6/28/2022 | David S. Dessen | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-658-1400 | 215-658-0747 | ddessen@dms-lawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __c/o Brandon A. Rotbart, 12000 Biscayne Blvd., Ste. 502, N. Miami, FL  33181__

Address of Defendant: _____

Place of Accident, Incident or Transaction: __Marriott Philadelphia West, 112 Crawford Ave., West Conshohocken, PA 18428__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _Must sign here_    **17627**
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.  **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

B.  **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __David S. Dessen, Esq.__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __6/28/2022__    *[signature]*    **17677**
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)